**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**TOMMY FULLER**                                                                                          **PETITIONER**
Reg. #19624-076

v.                             CASE NO.: 2:08-CV-00055-SWW-BD

**T.C. OUTLAW,**                                                                                             **RESPONDENT**
Warden, FCI- Forrest City


**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Background:**

Petitioner Tommy Fuller was arrested in Memphis, Tennessee by Tennessee state authorities on November 16, 2003.  On June 7, 2004, a Shelby County, Tennessee Judge sentenced Petitioner to a three-year term of imprisonment for aggravated burglary, and a two-year term for theft of property.

Petitioner pled guilty to being a felon in possession of a firearm in the United States District Court for the Western District of Tennessee.  (#2 at p. 3) He was transferred from the Tennessee Department of Correction to the custody of the United States Marshal Service for sentencing on the federal gun charge under a *writ of habeas corpus ad prosequendum* on June 15, 2004.  (#5-2 at p. 2)  On July 6, 2005, the Federal District Court sentenced Petitioner to ninety-six months in the Bureau of Prisons ("BOP") to be served concurrent with the Tennessee sentences that had previously been imposed. *Id*.

Petitioner never returned to the Tennessee Department of Correction.  *Id*.  After he was sentenced, Petitioner remained in the temporary custody of the United States Marshal Service until he was designated to go to the Federal Correctional Complex (Medium) in Forrest City, Arkansas ("FCC-FC") to serve his sentence.  *Id*.  Petitioner completed service of his Tennessee sentences on November 5, 2005.

The BOP gave Petitioner a *nunc pro tunc* designation for service of his federal sentence.  (#5-2 at p. 3)  As a result, the BOP designated July 6, 2005, the date his

sentence was imposed, as the beginning date for service of his federal sentence. *Id*. The BOP also awarded petitioner 204 days of jail time credit from November 16, 2003, the day he was arrested by Tennessee authorities, through June 6, 2004, the day prior to the date Petitioner received his Tennessee state sentences. *Id*.

Petitioner brings this habeas petition under 28 U.S.C. § 2241 challenging the manner in which Respondent is executing his sentence.[1] Specifically, Petitioner claims that Respondent should compute his sentence so as to give him pre-sentence credit for time served from June 6, 2004 through August 8, 2005 during which he contends he was in federal custody. (#2 at p. 5)

Respondent contends that it has appropriately calculated Petitioner's sentence in accordance with *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and 18 U.S.C. § 3585(b)(2), and asks the Court to dismiss the petition with prejudice. For the reasons that follow, the Court recommends that the District Court dismiss the petition with prejudice.

### III.     Sentence Credit:

Whether a prisoner who committed a federal offense receives credit for time spent in custody is governed by 18 U.S.C. § 3585. *Kendrick v. Carlson*, 995 F.2d 1440, 1444 n. 3 (8th Cir. 1993). The statute provides:

---

[1] From the documents attached to the petition, it appears that Petitioner has fully exhausted his administrative remedies.

Calculation of term of imprisonment

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has *not been credited against another sentence*.

18 U.S.C. § 3585 (emphasis added). The Respondent correctly contends that from June 7, 2004 to July 5, 2005, Petitioner received credit toward his state sentences, and, therefore, under the statute he cannot receive credit toward his federal sentence for the same time served. See *United States v. Wilson*, 503 U.S. at 337 (in enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993). Consequently, Petitioner is not entitled to any credit toward his federal sentence for the time served on his Tennessee sentences between June 7, 2004 and July 5, 2005.

Petitioner claims he is entitled to jail time credit because after June 15, 2004, he was in the custody of the United States Marshal. Petitioner misunderstands his status. Petitioner was transferred to the temporary custody of the Marshal for sentencing under a

writ of habeas corpus *ad prosequendum*. A writ of habeas corpus *ad prosequendum* does not alter a prisoner's custody status, but merely changes the location of the custody. *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994). Consequently, Petitioner remained in the primary custody of the Tennessee Department of Correction, and the time served was properly credited toward his state sentences, and not toward his federal sentence until July 6, 2005, when his federal sentence was imposed. *Baker v. Tippy*, No. 99-2841, 230 F.3d 1362 (8th Cir. 2000) (unpub. table op.) (federal defendant not entitled to additional credit against federal sentence for time served between date he was transferred via a writ of habeas corpus *ad prosequendum* from state to federal custody in order to face federal charges on a federal offense, and the date his state sentence expired).

Finally, Petitioner claims that by specifying that his federal sentence would run concurrent with his state sentence, the District Court awarded him credit for all of the time served on his state sentences. Section 3585 does not authorize a district court, however, to award "credit" at sentencing. See *United States v. Wilson*, 503 U.S. 329, 333-335 (1992). The issue of credit is the responsibility of the Attorney General acting through the BOP. *Id*. at 335.

**IV.     Conclusion:**

Petitioner's challenge to the Respondent's computation of his federal sentence is without merit. Accordingly, the Court recommends that the District Court dismiss this 28 U.S.C. § 2241 petition in its entirety, with prejudice.

IT IS SO ORDERED this 8th day of December, 2008.

```
                              _____
                              UNITED STATES MAGISTRATE JUDGE
```